IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE LINDA JANE HART, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:14-CV-590-Y |
| | § | |
| TARRANT COUNTY PROBATE COURT NO. 1, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is Petitioner Linda Jane Hart's second purported petition for writ of habeas corpus filed in this Court.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for lack of jurisdiction.

I.  Factual and Procedural History

Petitioner is an incapacitated adult. This case involves probate and guardianship matters. Specifically, Petitioner asserts—

> The guardian ad litem, attorney ad litem, and temporary guardian for my estate appointed by Judge King Tarrant County Probate Court #1 had conflicts of interest and now have conflicts of interest. It is my belief that at the time of their appointments each had business associates or associations for whom the real party in interest is legally related to me. These conflicts cannot be waived by or for me under the laws of the State of TX. Conflicts continue today. Moreover the need for a guardianship is over and has been for over one month.

> The court has jurisdiction because the "estate" consists of property and debts in Texas, Oklahoma and other states and because consistent and persistent illegal action by a court in any state is addressed in federal court.
>
> Immediate, emergency action by this court is necessary because the appointed persons have not provided living expenses adequate to meet my needs. The guardians have not paid bills, particularly electricity, or adequate funds for basic necessities, including food, medical, transportation.
>
> I beg the court to overlook my not raising this issue with the first writ however I was unaware of this issue until about a week ago. That writ is on its way to the Court of Appeals for the Fifth Circuit, hopefully.

Pet. 1-2, ECF No. 1.

## II.  Discussion

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the respondent. Therefore, no service has issued upon Respondent.

Petitioner was previously advised that this Court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, for this court to have subject-matter jurisdiction over a claim under the federal habeas statutes, the petitioner must be "in custody" pursuant to some government action in violation of the Constitution or laws of the United States. 28 U.S.C. §§ 2254(a) & 2241(c)(3). A federal court lacks subject-

matter jurisdiction to entertain a habeas action if, at the time the habeas petition is filed, the petitioner is not "in custody." Petitioner is not in the custody of the state but instead resides at her home in Benbrook, Texas. See *Sarhan v. Rothenberg,* No. 07-22818-CIV, 2008 WL 2474645, at * (S.D.Fla. June 17, 2008); *Jones v. Social Sec. Admin.,* No. CIV S-06-1681-CMK, 2007 WL 806628, at *2 (E.D.Cal. Mar. 15, 2007), *cert. denied,* 555 U.S. 889 (2008); *Lipford v. Ware,* No. 1:06-CV-01420, 2006 WL 1805567, at *1 (N.D.Ohio June 29, 2006). Furthermore, federal courts are generally precluded from handling probate matters. *Marshall v. Marshall,* 547 U.S. 293, 311-12 (2006); *Lehman v. Lycoming County Children's Serv. Agency,* 458 U.S. 502, 515-16 (1982); *Lepard v. NBD Bank,* 384 F.3d 232, 237 (6th Cir. 2004); *Hemon v. Office of Public Guardian,* 878 F.2d 13, 14-15 (1st Cir. 1989).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus for lack of jurisdiction. Further, for the reasons discussed, the Court DENIES a certificate of appealability. Petitioner's application to proceed without prepayment of fees or costs is DENIED.

SIGNED July 31, 2014.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE